UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JUAN BARO-MARRERO,

        Petitioner

    v.

TODD BLANCHE, *et al.*,

        Respondents

Case No. 2:26-cv-01523-MMD-MDC

ORDER

## I.   SUMMARY

Petitioner Juan Baro-Marrero, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 8 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition and orders Petitioner be released.

## II.   RELEVANT BACKGROUND

Petitioner is a Cuban citizen who left for the United States in 2024. (*Id*. at 3.) On August 21, 2024, Petitioner applied for admission at the port of entry in El Paso, Texas. (ECF No. 8-2 at 3.) He was paroled into the United States and settled in Las Vegas. (*Id.*) Petitioner applied for residency in August 2025; he has no criminal history. (*Id.*; ECF No. 8-2, 8-3.) On April 8, 2026, he was arrested by ICE agents and has been in custody for nearly three months. (ECF Nos. 8 at 3-4; 10 at 12.) Petitioner has not had a bond hearing,

---

[1]Respondents filed a motion to dismiss. (ECF No. 10.) The Court construes Respondents' motion as their court-ordered response to the Petition. (ECF No. 11.) Petitioner replied. (ECF No. 12.)

and immigration officials have not attempted to revoke his parole.[2] (ECF No. 8 at 4.)

**III.     DISCUSSION**

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner seeks habeas corpus relief on two grounds: unlawful re-detention in violation of due process (Ground One) and unlawful detention without a bond hearing in violation of the Immigration and Nationality Act and due process (Ground Two). (ECF No. 8.) Respondents responded via a motion to dismiss containing the same arguments raised in another case before this court. *Compare* (ECF 10) *with* Motion to Dismiss, Garcia Garcia v. Blanche, Case No. 2:26-cv-01502-MMD-DJA (D. Nev. June 18, 2026), Dkt. No. 12.  Because the arguments are the same, the Court incorporates its reasoning here. *See Garcia Garcia v. Blanche*, Case No. 2:26-cv-01502-MMD-DJA (D. Nev. July 2, 2026).

Under a plain reading of the statute, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225 and therefore his continued detention without a bond hearing is unlawful. The Court will therefore grant the Petition on Ground Two. Petitioner requests immediate release or, alternatively, a constitutionally adequate bond hearing. (ECF No. 8 at 12.) A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Recently, the Court has ordered *Jacobo Ramirez* class member

---

[2]The parties dispute as to whether Petitioner's parole status was terminated. (ECF Nos. 8 at 3-4; 10 at 12.)

petitioners immediately released, rather than granting new bond hearings. *See, e.g.,* *Portillo v. Blanche*, No. 2:26-cv-01373-RFB-MDC, 2026 WL 1493876, at *6-9 (D. Nev. May 28, 2026); *Lopez Pinto v. Mattos*, No. 2:26-cv-00974-MMD-DJA, 2026 WL 1708201, at *3-4 (D. Nev. June 12, 2026); *Garcia Garcia v. Blanche*, Case No. 2:26-cv-01502-MMD-DJA (D. Nev. July 2, 2026). Here, Petitioner has been held in detention for three months on an unlawful basis. The Court therefore finds that release, "the typical remedy" for "unlawful executive detention," is the appropriate remedy here. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants the Petition on Ground Two, the Court does not reach Ground One as it does not impact the Court's ruling on the Petition.

It is therefore ordered that the Petition is granted on Ground Two. (ECF No. 8.) Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, July 7, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Wednesday, July 8 confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 6th Day of July 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3